United States District Court
for the
Southern District of Florida

| Lawrence C. Benson, Appellant, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 18-cv-22031- Scola |
| | ) | |
| United States of America, Appellee. | ) | |

## Order on Appeal of Magistrate Court Decision

This matter comes before the Court upon an appeal from a judgment of the United States Magistrate Court for the Southern District of Florida following a non-jury trial against Lawrence Benson for the petty offense of simple assault. (ECF No. 12.) Magistrate Judge Patrick A. White entered judgment against Benson on May 16, 2018. (*See* ECF Nos. 1, 9). Benson filed a notice of appeal and subsequent brief in support. (ECF Nos. 1, 12.) After considering the briefs, the record, and the relevant legal authorities, the Court **denies** Benson's appeal. (**ECF No. 12**.)

**1. Background**

On February 14, 2018, Officer Lopez was alerted to an altercation in the Veterans Affairs Hospital ("VA") parking lot and identified Tanisha Murdaugh and Appellant Benson as the two individuals involved. (Trial Transcript of May 16, 2018 Bench Trial at 5:1–11, ECF No. 7.) Both individuals provided Officer Lopez with their respective accounts of what had occurred. (*Id.* at 6:2–7:3.)

Murdaugh testified that she went to the VA in order to check on a veteran that she was taking care of as part of her participation in community service. (*Id.* at 9:3–8.) When leaving the VA, Murdaugh attempted to back out of her parking space but Benson's car was blocking her. (*Id.* at 10:1–6.) Murdaugh asked Benson to move his car, but Benson refused to do so, calling her a "stupid inconsiderate bitch." (*Id.* at 10:6–11:1.) Murdaugh exited her car to look for help. (*Id.* at 11:3–6.) As Murdaugh tried to get back into her car, she saw that Benson had a can in his hand. According to Murdaugh, while she was backing away from Benson, he sprayed pepper spray in her face. (*Id.* at 11:7–13; 28:11–12.) Murdaugh approached Benson and grabbed a name tag from his shirt to later identify him. (*Id.* at 11:18–12:1.)

Benson testified that he was trying to back into a parking space while Murdaugh was backing out of her parking space. (*Id.* at 28:24–25.) Benson

tapped his horn to alert Murdaugh that he was there but Murdaugh continued to back up. (*Id.* at 29:11–14.) Benson testified that Murdaugh almost hit his car and that he was unable to move. (*Id.* at 29:15–24.) Benson then proceeded to call Murdaugh an "inconsiderate bitch." (*Id.* at 30:1–4.) Benson then stated that Murdaugh exited her vehicle and started to look for something in her car. (*Id.* at 31:8–11.) Benson stated that he never saw a weapon but that Murdaugh came towards his vehicle in an aggressive manner. (*Id.* at 31:16–20.) According to Benson, it was at this point, before he used the pepper spray, that Murdaugh took his ID. (*Id.* at 32:12–15.) Benson next stated that Murdaugh again went to her verhicle to retrieve something, which Benson claimed was possibly a weapon, and again approached Benson's car in an aggressive manner. (*Id.* at 33:13–23.) Benson then grabbed and used his pepper spray. (*Id.* at 34:14–20.) According to Benson, when Murdaugh saw the can of pepper spray, she turned away. (*Id.* at 24:1–12; *Id.* at 34:21–25.) Benson claimed that he used the pepper spray because he was in fear. (*Id.* at 35:7–11.)

Benson was subsequently charged by citation with disorderly conduct, in violation of 38 C.F.R. § 1.218(b)(11), the introduction of combustibles, in violation to 38 C.F.R. § 1.218(b)(38), and assault, pursuant to 18 U.S.C. § 113(a)(5). (*See* ECF No. 13 at Ex. 1 (the government dismissed the introduction of combustibles prior to the bench trial.))

On May 16, 2018, Benson proceeded to a bench trial before United States Magistrate Judge White, who found Benson guilty of simple assault and imposed a $350 fine. (ECF No. 7 at 43–45.) The court noted that in reaching its decision, it was taking into consideration the demeanor of Murdaugh and Benson. (*Id.* at 43:9–11.) Specifically, the court found that Murdaugh appeared believable and not the kind of person that Benson had described. (*Id.* at 43:12–19.) On the other hand, the court noted Benson to be rude, aggressive, and inconsistent in his testimony. (*Id.* at 43:20–25.) The court found that Benson's claim of self-defense was "extremely weak" and "inconsistent." (*Id.* at 44:1–4.) The court also acknowledged the right to defend oneself but noted that there was no testimony that Murdaugh's supposed actions were sufficiently aggressive or egregious. (*Id.* at 44:5-9.) The court stated that Benson's claim of believing Murdaugh to have a weapon was probably made up to justify what he did. (*Id.* at 44:12–14). The court found Benson's conduct "outrageous" and imposed a $350 fine. (*Id.* at 44:14, 45:8.)

Benson, acting *pro se,* now appeals this decision. (ECF No. 12.)

## 2. Legal Standards

Jurisdiction in this matter is conferred by 18 U.S.C. § 3402, which gives a defendant convicted by a magistrate judge the right to appeal the judgment to a district judge.

"Purely legal questions relating to a defendant's claim of a constitutional violation are reviewed de novo." *U.S. v. Van De Walker*, 141 F.3d 1451, 1452 (11th Cir. 1998).

In an appeal of a magistrate's order or judgment in a petty offense or misdemeanor case, "the defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D).

> In assessing the sufficiency of the evidence supporting a criminal conviction, the standard of review is: It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A [trier of fact] is free to choose among reasonable constructions of the evidence.

*U.S. v. Muller*, 698 F.2d 442, 444 (11th Cir. 1983) (internal quotation marks omitted).

## 3. Analysis

In Benson's brief, he states five grounds for recovery. (ECF No. 12.) Grounds one, two, three, and five can be summarized as a challenge to the sufficiency of the evidence to support his conviction and Judge White's rejection of Benson's self-defense claim. (*Id.*) In ground four, Benson argues that his constitutional right to counsel has been violated. (*Id.* at 25–28.)

Benson argues, specifically in ground four, that his constitutional rights were violated because he was not appointed counsel in connection with this case. (*Id.*) The Supreme Court has held that the "Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." *Scott v. Illinois*, 440 U.S. 367, 373–74 (1973). Benson concedes in his brief that Judge McAliley advised him prior to trial that no one would be receiving jail time. (ECF No. 12

at 26.) Indeed, Benson received no jail time because of his conviction. Accordingly, the Court finds that Benson was not entitled to the appointment of counsel. *See Scott*, 440 U.S. at 374; Fed. R. Crim. P. 58(b)(2)(C).

Benson's remaining arguments challenge the sufficiency of the evidence and Judge White's rejection of Benson's self- defense claim. The Court also finds these arguments are without merit.

The evidence presented at trial satisfied the elements of the offense. To prove an assault under 18 U.S.C. § 113, the evidence must show that the defendant assaulted another person in the "special maritime and territorial jurisdiction of the United States." *U.S. v. Williams*, 197 F.3d 1091, 1096 (11th Cir. 1999). An "assault" includes a battery or an attempted battery. *Id.* Here, the evidence established that Benson committed a battery on Murdaugh by attacking her with pepper spray. Further, this incident occurred in the VA hospital's parking lot, which is within the territorial jurisdiction of the United States. *See U.S. v. Styles,* 75 F. App'x 934, 935 (5th Cir. 2003) (noting that VA hospitals are within the special maritime or territorial jurisdiction of the United States).

Judge White, acting as the finder of fact, determined that Murdaugh's testimony was credible and Benson's was not, and explicitly considered but rejected Benson's testimony that he used the pepper spray in self-defense. (ECF No. 7 at 43–45.) On appeal, this Court must view the evidence in the light most favorable to the government and accept all credibility determinations in favor of the verdict. *See U.S. v. Simpson*, 228 F.3d 1294, 1299 (11th Cir. 2000). The Court finds that Judge White's verdict is supported by the evidence and that a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. The fact that Benson disagrees with Judge White's findings of fact and credibility determinations is not a basis for reversal.

### 4. Conclusion

Accordingly, the Court **affirms** Judge White's decision. (**ECF No. 12**.) The Clerk is directed to **close** this case.

Done and ordered, at Miami, Florida, on April 15, 2019.

Robert N. Scola, Jr.
United States District Judge